UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
VIKTORIA VON SIEMENS,

                     Plaintiff,           **MEMORANDUM AND ORDER**

 - against -                  2:21-cv-2559 (DRH) (ST)

MATTHEW ABRAMCYK and NADINE
ABRAMCYK,

                    Defendants.
-----------------------------------------------------------------X

**APPEARANCES**

**Kriegsman PC**
Attorneys for Plaintiff
279 Main Street
Sag Harbor, NY 11963
By:   Alex Kriegsman, Esq.

**The Law Offices of Fred L. Seeman**
Attorneys for Defendants
32 Broadway, Suite 1214
New York, NY 10004
By:   Fred L. Seeman, Esq.

**HURLEY, Senior District Judge:**

### INTRODUCTION

Plaintiff Viktoria von Siemens brings this contract action against Defendants

Matthew Abramcyk and Nadine Abramcyk, after they allegedly breached a lease

agreement for Plaintiff's Brooklyn brownstone.   Presently before the Court is

Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1)

seeking to dismiss the action for lack of subject-matter jurisdiction or, alternatively,

to have the Court abstain from exercising jurisdiction over the action.  For the reasons

below, Defendants' motion is denied.

## BACKGROUND

The following facts are taken as true from the Amended Complaint. (*See* Amended Compl. ("AC") [DE 6]).

Plaintiff Viktoria von Siemens is a German citizen who owns a brownstone in Brooklyn, New York. (AC ¶ 10; *see* Response to Order to Show Cause [DE 5]). On March 18, 2019, Plaintiff leased her brownstone to Defendants Matthew and Nadine Abramcyk, a married couple with New York citizenship. (AC ¶¶ 11–13). The lease obligated Defendants to pay $16,000 per month through June 30, 2021. (*Id.* ¶¶ 13–14). When Defendants failed to pay April and May 2020's rents, Plaintiff contacted them in an effort to collect. (*Id.* ¶ 17). Defendants ultimately paid $0 for April 2020 and $12,000 for May 2020; going forward, Defendants unilaterally started paying rent below the full amount: $12,000 for June 2020, $8,000 for July 2020, and $8,000 for August 2020. (*Id.* ¶ 19).

On September 17, 2020, Plaintiff sent Defendants a notice of default given their failure to timely pay rent in full for April, May, June, July, and August 2020. (*Id.* ¶ 20). Defendants thereafter paid September 2020's rent in full but failed to pay rent for October 2020. (*Id.* ¶ 20). Plaintiff served another notice of default on October 7, 2020, but since September 2020, Defendants allegedly have not paid any rent and still have not yet paid the amounts owed for earlier months. (*Id.* ¶¶ 22–23). In total, Defendants allegedly "owe Plaintiff at least $184,000 in rental arrears." (*Id.* ¶ 24).

Plaintiff brought a "non-payment proceeding" in the New York Civil Court, Kings County Housing Part on October 29, 2020. (*Id.* ¶¶ 26, 27; Ex. B to Declaration

of Fred L. Seeman ("Seeman Decl.") [DE 23-1]).  Defendants answered on March 3, 2021, filing alongside a "Tenant's Declaration of Hardship During the COVID-19 Pandemic" form.  (*Id.* ¶ 28, 42; *see* Ex. C to Seeman Decl.).  The Declaration states: "I am experiencing financial hardship, and I am unable to pay my rent or other financial obligations under the lease in full or obtain alternative suitable permanent housing" and "[v]acating the premises and moving into a new permanent housing would pose a significant health risk."  (Ex. D to Seeman Decl.).  Plaintiff, however, alleges Defendants moved into a summer home in the Hamptons.  (AC ¶¶ 37–39).

On March 29, 2021, Defendants notified Plaintiff they were surrendering their lease for the Brooklyn brownstone "due to health and safety issues."  (*Id.* ¶ 46).  On July 22, 2021, Plaintiff moved the Kings County court to discontinue of the action without prejudice.  (*See* Ex. G to Seeman Decl.).  That motion remains pending.

Plaintiff brought the instant action in federal court on May 7, 2021.  (Compl. [DE 1]).  This Court immediately ordered Plaintiff to show cause with respect to the parties' citizenship, as the pleaded allegations concerned only residency.  (*See* Order dated May 11, 2021).  Plaintiff responded with proof on May 24, 2021 and simultaneously amended their complaint to reflect the same.  [DEs 5, 6].  Defendants filed their motion to dismiss for lack of subject-matter, or to abstain from exercising jurisdiction, on October 25, 2021.  (*See* [DEs 23–25]).

**LEGAL STANDARD**

A case may properly be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) "when the district court lacks the statutory or constitutional

power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000). "[A] 'plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.'" *MacPherson v. State St. Bank & Trust Co.*, 452 F. Supp. 2d 133, 136 (E.D.N.Y. 2006) (quoting *Reserve Solutions Inc. v. Vernaglia*, 438 F. Supp. 2d 280, 286 (S.D.N.Y. 2006)), *aff'd*, 273 Fed. App'x 61 (2d Cir. 2008); *accord Tomaino v. United States*, 2010 WL 1005896, at *1 (E.D.N.Y. Mar. 16, 2010). "In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions." *Cunningham v. Bank of New York Mellon, N.A.*, 2015 WL 4101839, at *1 (E.D.N.Y. July 8, 2015) (citing *Morrison v. Nat'l Australia Bank, Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008)).

## DISCUSSION

The Court first considers whether it has subject-matter jurisdiction as a threshold matter. Because it does, the Court next proceeds to consider whether it should abstain from exercising that jurisdiction. *Deem v. DiMella-Deem*, 941 F.3d 618, 622 (2d Cir. 2019).

## I.   Subject-Matter Jurisdiction

Defendants argue that the action involves a landlord-tenant relationship – "fundamentally a matter of state law" depriving the Court of subject-matter jurisdiction notwithstanding the presence of diversity jurisdiction.[1] Opening Mem. at 3 [DE 23-3] (quoting *Hearn v. Lin*, 2002 WL 720829, at *4 (E.D.N.Y. Feb. 14, 2002)).

---

[1]     Defendants do not challenge the determination made by Court following Plaintiff's response to the Order to Show Cause. *See* Order dated June 16, 2021.

They contend, "federal courts do not have subject-matter jurisdiction over state evictions or other landlord-tenant matters." *Id.* (quoting *Oliver v. New York City Hous. Auth.*, 2011 WL 839110, at \*3 (E.D.N.Y. Mar. 2, 2011)).

Plaintiff distinguishes the context of Defendants' cited case law from the situation here. For example, while Defendants correctly quote *Oliver* and *Hearn*, those cases involved federal question jurisdiction, not diversity jurisdiction. *Oliver*, 2011 WL 839110, at \*3–4 (bringing claims under the Fair Housing Act of 1968, as amended by the Fair Housing Amendments Act of 1988, Section 504 of the Rehabilitation Act of 1973, as amended, and 42 U.S.C. § 1983); *Hearn*, 2002 WL 720829, at \*3 (bringing claims under American with Disabilities Act and 42 U.S.C. § 1983). This distinction is important.

As then-district court judge Denny Chin observed: "[F]ederal courts do not have *federal question* subject matter jurisdiction over state residential landlord-tenant matters. *Galland v. Margules*, 2005 WL 1981568, at \*1 (S.D.N.Y. Aug. 17, 2005) (Chin, J.) (emphasis added), *aff'd*, 191 Fed. App'x 23 (2d Cir. 2006). This tenet is inapposite where, as here, diversity jurisdiction exists. *See id.* at \*3 (separately analyzing diversity jurisdiction). "[T]he mere fact that this case arises out of a landlord-tenant dispute does not deprive this Court of jurisdiction." *Aponte v. Diego Beekman M.H.A. HDFC*, 2019 WL 316003, at \*4 (S.D.N.Y. Jan. 24, 2019).

Defendants fail to cite a decision holding a court lacked subject-matter jurisdiction over a landlord-tenant action despite a proper invocation of diversity jurisdiction. To the extent Defendants point to *Arnav Indus., Inc. v. Dreskin* by way

of example, the amount-in-controversy there was "speculative" – meaning the plaintiff did "not [bring] a claim worth the minimum amount required under" the diversity jurisdiction statute, 28 U.S.C. § 1332.  551 F. Supp. 461, 464–65 (S.D.N.Y. 1982).

Here, the parties have diversity of citizenship and the amount-in-controversy exceeds the $75,000.00 threshold.  AC ¶¶ 4, 7, 10, 54.  The Court has subject-matter jurisdiction over the action; Defendants' motion on this issue is denied.

## II.    Abstention

The doctrine of abstention implicates the question of whether a court should exercise jurisdiction, not whether the court has jurisdiction in the first instance.  *In re S.G. Phillips Constructors, Inc.*, 45 F.3d 702, 708 (2d Cir. 1995); *see Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("This Court's precedent makes clear that whether a court has subject-matter jurisdiction over a claim is distinct from whether a court chooses to exercise that jurisdiction.").  Defendants ask the Court to abstain pursuant to the doctrines of *Younger* and *Colorado River* abstention.

### A.    *Younger* Abstention

In view of the underlying state court non-payment proceeding, Defendants turn to the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).  *Younger* abstention is mandatory in three "exceptional" cases: "state criminal prosecutions, civil enforcement proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions."  *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (internal

quotation marks omitted). "Abstention is not in order simply because a pending state-court proceeding involves the same subject matter." *Id.* at 72.

The underlying non-payment action is not "equivalent to that of a state criminal or civil enforcement proceeding." *See Milhaven v. Country Vill. Apartment,* 2020 WL 5663380, at *8 (S.D.N.Y. Sept. 23, 2020) (quoting *Aponte,* 2019 WL 316003, at *5); *Brooklyn Inst. of Arts and Scis. v. City of New York,* 64 F. Supp. 2d 184, 194 (E.D.N.Y. 1999) ("An ejectment action is [not] a 'civil enforcement proceeding.'"). Neither does it uniquely further the "state courts' ability to perform their judicial functions. It is a landlord-tenant action that is routinely available in disputes between private parties." *Brooklyn Inst. of Arts and Scis.,* 64 F. Supp. 2d at 194; *e.g., Aponte,* 2019 WL 316003, at *5 ("A routine non-payment action filed by a private landlord in state housing court [does not] implicate[] 'state courts' ability to perform their judicial functions' . . . ."); *Andujar v. Hewitt,* 2002 WL 1792065, at *7 (S.D.N.Y. Aug. 2, 2002) (landlord-tenant dispute is "a type of litigation distinguished only by its ubiquity" and thus "cannot be said to 'concern the central sovereign functions of state government.'").

Defendants misplace reliance on *Abbatiello v. Wells Fargo Bank, N.A.*, in which the federal court held that the underlying foreclosure state court proceedings—*in rem* actions—reflected the third *Younger* "exceptional" case. 2015 WL 5884797, at *4–5 (E.D.N.Y. Oct. 8, 2015) ("[P]laintiffs seek injunctive relief with regard to ongoing foreclosure proceedings . . . ."); *see F.D.I.C. v. Four Star Holding Co.*, 178 F.3d 97, 102 (2d Cir. 1999) ("A foreclosure action is an *in rem* proceeding."). Defendants concede

"there is no 'res' in this action" – *i.e.*, there is no *in rem* proceeding.  Opening Mem. at

7.

Defendants motion as to *Younger* abstention is denied.

**B.      *Colorado River* Abstention**

Defendants' resort to of the abstention doctrine set forth in *Colorado River*

*Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976), likewise falls

short.  Pursuant to *Colorado River*, a court "may abstain in order to conserve federal

judicial resources only in 'exceptional circumstances,' where the resolution of existing

concurrent state-court litigation could result in 'comprehensive disposition of

litigation.'"  *Woodford v. Cmty. Action Agency of Greene Cty., Inc.*, 239 F.3d 517, 522

(2d Cir. 2001) (quoting *Colo. River*, 424 U.S. at 813).  Six non-dispositive factors,

which at the outset weigh heavily in favor of exercising jurisdiction, must be carefully

balanced:

> (1)      whether the controversy involves a res over which one of the courts has assumed jurisdiction;
>
> (2)      whether the federal forum is less inconvenient than the other for the parties;
>
> (3)      whether staying or dismissing the federal action will avoid piecemeal litigation;
>
> (4)      the order in which the actions were filed and whether proceedings have advanced more in one forum than in the other;
>
> (5)      whether federal law provides the rule of decision; and
>
> (6)      whether the state procedures are adequate to protect the plaintiff's federal rights.

*Id.* (internal citations omitted).  "[T]he facial neutrality of a factor is a basis for

retaining jurisdiction, not for yielding it."  *Id.*  "Only the clearest of justifications will

Page **8** of **11**

warrant dismissal." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983) (emphasis removed) (quoting *Colo. River*, 424 U.S. at 818–19).

"[T]he burden of persuasion rest[s] on the party opposing the exercise of federal jurisdiction." *Arkwright-Bos. Mfrs. Mut. Ins. Co. v. City of New York*, 762 F.2d 205, 210 (2d Cir. 1985). Defendants have not persuaded the Court that the *Colorado River* considerations clearly justify abstention.

As to the first, Defendants concede that the underlying non-payment action is not an *in rem* proceeding and does not involve jurisdiction over property. Opening Mem. at 7 ("[T]here is no 'res' in this action."); *see Vill. of Westfield v. Welch's*, 170 F.3d 116, 122 (2d Cir. 1999); *Iacovacci v. Monticciolo*, 2019 WL 2074584, at *6 (S.D.N.Y. May 9, 2019) ("There is no property over which the state court has exercised exclusive jurisdiction – *i.e.*, this is not an action *in rem*."). The Second Circuit has "held that the absence of a res 'points toward exercise of federal jurisdiction.'" *Vill. of Westfield*, 170 F.3d at 122 (quoting *De Cisneros v. Younger*, 871 F.2d 305, 307 (2d Cir. 1989)). Moreover, Defendants contend the first consideration is neutral – but, if so, that supports retention, not abstention. Opening Mem. at 7.

Defendants also state the second factor is "facially neutral" – another point against abstention. *Id.* Plaintiff add that this Court is "less inconvenient" than the underlying action's venue—Kings County Civil Court—because Defendants reside in the Hamptons and therefore the same county in which this Court sits. Opposition Mem. at 9 [DE 24]. The second factor supports the exercise of jurisdiction.

The third consideration, relating to piecemeal litigation, strives to avoid the risk of inconsistent outcomes between the federal and state court actions. *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 101–02 (2d Cir. 2012). On July 22, 2021, Plaintiff moved the state court to discontinue his petition. Ex. G to Seeman Decl. While that motion remains pending, Plaintiff's demonstrated intention to press his claims solely in federal court vitiates the risk of inconsistent outcomes. *Woodford*, 239 F.3d at 524 (abstention "not needed in order to avoid duplicative proceedings" where plaintiff "offered to 'stay or even withdraw' [the] overlapping state-court claims."). This consideration weighs against abstention.

Defendants are correct that the fourth factor—or, more particularly, an aspect of the fourth factor—supports abstention because Plaintiff filed first in state court. Opening Mem. at 7. But the Supreme Court instructs that "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21. In the state action, Defendants have "already interposed an [a]nswer," but "there has been no discovery"; in this federal action, Defendants have not yet answered, but the parties have already exchanged initial disclosures and served document requests. Opening Mem. at 7; Opposition Mem. at 9. Progress is just about equal, and for that reason, this consideration does not favors abstention. *See Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 328 (2d Cir. 1986) (consideration weighed against abstention because "the relevant state court litigation

[] consisted of little more than the filing of the complaint" and "[t]here ha[d] been no formal discovery").

The fifth consideration does not favor abstention. True, federal law does not supply the rule of decision in this breach of contract action. Even so, "the absence of federal issues does not strongly advise dismissal, unless the state law issues are novel or particularly complex." *Niagara Mohawk Power Corp.*, 673 F.3d at 102 (quoting *Vill. of Westfield*, 170 F.3d at 123–24). Defendants fail to bring to the Court's attention any novel or complex state law issues at bar.

Lastly, the sixth consideration does not overwhelm the foregoing analysis to justify abstention. "[T]he possibility that the state court proceeding might adequately protect the interests of the parties is not enough to justify the district court's deference to the state action." *Bethlehem Contracting Co.*, 800 F.2d at 328.

In sum, there are no exceptional circumstances justifying abstention pursuant to *Colorado River*. Defendants' motion for *Colorado River* abstention is denied.

## CONCLUSION

For the reasons discussed above, Defendants' motion is denied. The Court has subject-matter jurisdiction and neither *Younger* nor *Colorado River* weigh in favor of abstaining from exercising that jurisdiction.

**SO ORDERED.**

Dated: Central Islip, New York          s/ Denis R. Hurley
     April 5, 2022                              Denis R. Hurley
                                      United States District Judge