UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIKTORIA VON SIEMENS,<br><br>                   Plaintiffs,<br><br>  -against-<br><br>MATTHEW ABRAMCYK, and NADINE ABRAMCYK<br><br>                   Defendants. | **MEMORANDUM AND ORDER**<br>Case No. 21-CV-2559 (FB) (TAM) |

*Appearances:*
*For the Plaintiff:*
ALEX KRIEGSMAN
Kriegsman PC
279 Main Street
Sag Harbor, NY 11963

*For the Defendant:*
FRED L. SEEMAN
RYAN C. MARRANO
Law Offices of Fred L. Seeman
32 Broadway, Suite 1214
New York, NY 10004

**BLOCK, Senior District Judge:**

      Plaintiff Viktoria von Siemens ("Plaintiff") brings a state law breach of contract claim against Matthew and Nadine Abramcyk (collectively, "Defendants") under diversity jurisdiction. Defendants rented a residential unit from Plaintiff and defaulted on multiple payments. Plaintiff now moves for summary judgment. For the following reasons, Plaintiff's motion is GRANTED in part and DENIED in part.

      **I.    Background**

      The facts presented here and in the Discussion section are taken from the pleadings, the parties' Rule 56.1 statements, and supporting documentation. They

1

are undisputed unless otherwise noted. The Court construes all evidence in the light most favorable to the non-moving party, drawing all inferences and resolving all ambiguities in that party's favor. *See LaSalle Bank Nat. Ass'n v. Nomura Asset Cap. Corp.*, 424 F.3d 195, 205 (2d Cir. 2005).

Plaintiff, a German citizen, owns a brownstone (the "Premises") in Brooklyn, New York. Von Siemens Decl. ¶ 4, ECF No. 63-85. "On March 18, 2019, von Siemens entered into a written lease agreement" (the "Lease") to rent the Premises to the Defendants, a married couple with New York citizenship, "for a stated term of April 15, 2019[,] through June 30, 2021," at $16,000 per month. Pl. Mem. 2, ECF No. 63-1.

All was well until the COVID-19 pandemic hit New York. In March 2020, Defendants were forced by New York State Executive Orders 202.3 and 202.7 to shutter multiple restaurants and nail salons they operated. Defs.' Opp. 3, ECF No. 64. In April 2020, Defendants "stopped paying rent [on the Premises] and relocated to a rental home" in East Hampton, New York. *Id.* At this point, Defendants had defaulted on rent for April and May 2020. On May 16, 2020, defendant Nadine Abramcyk contacted Plaintiff to request rent reductions "for possibly 2-3 months" because Defendants "were having financial difficulties due to the closure of their businesses," Pl. Mem. at 2, for which they received Paycheck Protection Program loans ("PPP loans") from the federal government. Defs.' Opp at 3–4. Plaintiff

offered to accept partial payments "[w]ithout waiving any of [Plaintiff's] rights, provided that the April rent payment [was] received in full by May 22, 2020," Ex. 3, ECF No. 63-6, a condition Defendants failed to meet. Pl. Mem. at 2.

On June 4, 2020, Nadine Abramcyk emailed Plaintiff's counsel to request "50% off the rent from the months of April [2020] through June [2020], stating '[t]his adjustment will help us tremendously in getting through these difficult times.'" *Id.* at 2–3. In response, Plaintiff's counsel agreed over email to accept partial payments from April to June 2020 and later agreed to the same for July 2020. *Id.* at 3; Emails 17–25, ECF No. 64-7. After failing to negotiate further partial payments, Defendants paid rent for August and September 2020. Defs.' Opp. at 4. Defendants then did not pay any rent "for the remainder of the Lease term," from October 2020 through June 2021. Pl. Mem. at 3. Defendants allege "that they could no longer reside in the Premises" for financial reasons, vacating and surrendering the Premises in March 2021 before their lease ended. Defs.' Opp. at 4. Plaintiff contests whether Defendants truly suffered financial hardship.

Following Defendants' vacatur, Plaintiff discovered needed repairs and hired a contractor in April 2021. Plaintiff fired the contractor after he "made no progress on the work for months," and could not hire another contractor "until after the Lease term expired" because "of the record number of home renovation projects

3

occurring during" the pandemic. Pl. Mem. at 4. Defendants contend that repairs were unnecessary. Defs.' Opp. at 4.

This action is not the first stemming from this dispute. Plaintiff brought an action in Kings County Civil Court on October 29, 2020, seeking damages and to evict Defendants. Pl. Mem. at 3. Defendants did not answer until March 3, 2021, when they submitted a hardship declaration form "claiming that they had been constructively evicted and could not leave the Premises or pay rent because they had 'suffered tremendous financial hardship.'" *Id*.

Plaintiff now brings a breach of contract claim under New York state law for $176,000 in damages: $32,000 for partially unpaid rent from April to July 2020, and $144,000 for unpaid rent from October 2020 to June 2021. Pl. Reply 7, ECF No. 65.

## II.   Summary Judgment

Summary judgment is appropriate only if the pleadings, the discovery materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must "resolv[e] all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Sloley v. VanBramer*, 945 F.3d 30, 36 (2d Cir. 2019) (citing *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010)). "Where a plaintiff uses a summary

4

judgment motion, in part, to challenge the legal sufficiency of an affirmative defense—on which the defendant bears the burden of proof at trial—a plaintiff may satisfy its Rule 56 burden by showing that there is an absence of evidence to support an essential element of the non-moving party's case." *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (cleaned up).

### III.  Discussion

a. <u>Breach of Contract</u>

Plaintiff's sole claim alleges that Defendants breached the Lease by making only partial payments from April to July 2020 and defaulting on payments from October 2020 to June 2021. "Under New York law, an action for breach of contract requires proof of (1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages." *First Inv'rs Corp. v. Liberty Mut. Ins. Co.*, 152 F.3d 162, 168 (2d Cir. 1998) (cleaned up). Plaintiff has undisputably established every element.

The record shows that Defendants did not pay Plaintiff rent from at least October 2020 to June 2021. Defendants do not dispute that they are legally bound by the Lease, that Plaintiff performed, and that Plaintiff suffered damages from Defendants' breach of the lease. *See* Defs.' Opp; Defs.' Resp. Pl.'s SOF ¶¶ 2–3, 64–65, ECF No. 64-2. Defendants make multiple arguments that implicate damages but not liability. Contrary to Defendants' assertion, whether Plaintiff

5

mitigated damages "is properly considered in determining damages rather than liability." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 608 (2d Cir. 2005). And although Defendants argue that Plaintiff waived any right to seek full rent for April to July 2020, that issue goes to the damages owed. Defendants have otherwise admitted that they breached by failing to pay rent from October 2020 to June 2021. *See* Defs.' Resp. Pl.'s SOF at ¶ 64–65. Thus, Plaintiff has demonstrated that no genuine issue of material fact exists to any element of her breach of contract claim.

b. <u>Waiver and Estoppel</u>

The parties do not dispute that Plaintiff's counsel agreed over email to accept Defendants' partial rent payments from April to July 2020. Pl. Reply at 7; Emails 18, 23–25, ECF No. 64-7. But the parties dispute whether Plaintiff waived her right to later seek full payment. Defs.' Opp at 6; Defs.' Resp. Pl.'s SOF at ¶ 52; Pl. Reply at 7. Waiver "should not be lightly presumed" and requires Defendants to show "a 'clear manifestation of intent' to waive" by Plaintiff that does not contradict any express reservation of rights in the Lease or communications. *Globecon Grp., LLC v. Hartford Fire Ins. Co.*, 434 F.3d 165, 176 (2d Cir. 2006) (quoting *Gilbert Frank Corp. v. Fed. Ins. Co.*, 70 N.Y.2d 966, 968 (1988)).

Plaintiff makes two arguments against waiver. First, Plaintiff disputes that the written communications agreeing to accept partial payments evidenced intent

6

to waive her right under the Lease to later seek full payment. Second, Plaintiff argues that any waiver is invalid because it was fraudulently induced by Defendants misrepresenting their financial hardship. Both these arguments present genuine issues of material fact.

As to whether waiver occurred, Plaintiff asserts that any agreement approving the rent reduction must have been signed by von Siemens, and that the Lease reserved all rights absent a contrary written agreement. Pl.'s Reply at 8. The Lease includes a non-waiver clause, stating that "the failure of Owner to make action or Owner's acceptance of [partial] rent does not prevent Owner from taking action at a later date," and that "[o]nly a written agreement between [tenant] and Owner can waive any violation of this Lease." Lease 6–7, ECF No. 63-15. Plaintiff also emphasizes that her unsuccessful offer on May 20, 2020, to reduce rent for April and May 2020 expressly reserved all rights. *Id.*; Defs.' Resp. Pl.'s SOF at ¶¶ 16–20. Defendants respond that the Lease only required von Siemens' signature for agreements ending the Lease and not for other modifications. Lease 6–7, ECF No. 63-15. Defendants also contend that the email agreement on June 4, 2020, to accept partial rent from April to June 2020, and the later email doing the same for July 2020, constituted a written modification to the Lease. Emails 17–25, ECF No. 64-7.

7

It remains disputed whether the email exchange between Plaintiff's counsel and Defendants constituted a written modification of the Lease that was intended to waive Plaintiff's right to later seek full payment. Because these disputes turn on questions of intent, they present genuine issues of material fact properly resolved by a factfinder. *See Jefpaul Garage Corp. v. Presbyterian Hosp. in City of New York*, 61 N.Y.2d 442, 448 (1984) ("Whether the landlord has waived performance of the condition [in the Lease] is a question of fact.").

Alternatively, Plaintiff asserts that any waiver was fraudulently induced by Defendants misrepresenting their financial hardship. *See Patti Const. Corp. v. 111-16 Atl. Ave. Realty Corp.*, 119 A.D.3d 756, 757 (2014) ("Generally, a valid release that is clear and unambiguous on its face constitutes a complete bar to an action on a claim which is the subject of the release absent fraudulent inducement." (cleaned up)). To prove fraudulent inducement under New York law, Plaintiff must show that (1) Defendants materially misrepresented presently existing or past facts; (2) Defendants had an intent to deceive; (3) Plaintiff reasonably relied on Defendants' misrepresentation; and (4) Plaintiff suffered an injury. *Ferguson v. Ferrante*, 664 F. App'x 58, 62 (2d Cir. 2016) (summary order) (citing *Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 62 (2d Cir. 2012)). "Still, summary judgment should be considered skeptically in cases alleging fraudulent inducement, because the issues typically turn on the parties' credibility as to their

8

state of mind." *Century Pac., Inc. v. Hilton Hotels Corp.*, 528 F. Supp. 2d 206, 219–20 (S.D.N.Y. 2007), *aff'd*, 354 F. App'x 496 (2d Cir. 2009) (citing *Sound Video Unlimited, Inc. v. Video Shack Inc.*, 700 F. Supp. 127, 135 (S.D.N.Y. 1988)).

Not disputing that Plaintiff suffered an injury, Defendants respond that they did not intend to defraud Plaintiff and that they accurately characterized their financial hardship. Defs.' Opp. at 9–10; Defs.' Resp. Pl.'s SOF at ¶ 30. They alternatively contend that the characterization was so subjective and vague that Plaintiff could not reasonably rely on it. *Id.* These assertions present genuine disputes of material fact properly resolved at trial.

The parties have demonstrated a genuine dispute as to whether Defendants truly suffered financial hardship at the time they made that representation. Defendants base their representation on the fact that their stores were closed due to pandemic, they did not know their PPP loans would be forgiven, and they already had a summer lease for the East Hampton house before relocating there in April 2020. Defs.' Opp. at 11–12. Plaintiff retorts that Defendants admit two stores remained open throughout the pandemic, Defs.' Resp. Pl.'s SOF at ¶ 27, the PPP loans were meant to compensate employees, but Defendants terminated most of their employees, and the PPP loans were eligible for forgiveness at the time that Defendants requested the rent reduction. Pl. Reply at 4. Plaintiff also points to Defendants starting their East Hampton lease early, *id.* at 6, and Defendants'

9

purchase in cash of a $2 million home on December 22, 2020. *Id.* at 2–3; Defs.' Resp. Pl.'s SOF at ¶¶ 45, 60. These inconsistencies raise a genuine dispute of material fact as to whether Defendants misrepresented their finances.

These inconsistencies also present circumstantial evidence that could evidence Defendants' intent to defraud Plaintiff. *See Century Pac., Inc.*, 528 F. Supp. 2d at 224. But because Defendants have presented evidence rebutting Plaintiff's showing of "specific facts from which a jury might infer that a defendant engaged in a scheme or plot to defraud the plaintiff," a genuine issue of material fact exists. *Id.* at 220. And any dispute regarding Plaintiff's reliance considers whether Defendants' assertions were so subjective or vague that they could not be relied upon and "must be resolved at trial" "because questions of material fact pervade consideration of these issues." *Jews for Jesus, Inc. v. Jewish Cmty. Rels. Council of New York, Inc.*, 968 F.2d 286, 291 (2d Cir. 1992).

For these reasons, there exist genuine disputes of material fact properly resolved at trial regarding whether Plaintiff waived her right to seek full payment for April to July 2020 and, if she did, whether Defendants fraudulently induced Plaintiff into accepting those partial payments. The parties do not dispute that these damages would approximate $32,000. *See* Defs.' Resp. Pl.'s SOF at ¶ 40.

Defendants also assert that Plaintiff should be estopped from seeking full payment because Defendants justifiably relied on Plaintiff's acceptance of partial

10

payment. Defs.' Opp. at 7–8. This defense implicates the factual dispute that arises for the waiver defense: whether Plaintiff waived her right to seek full payment. The parties also dispute whether, if Plaintiff did waive that right, Defendants detrimentally relied on Plaintiff's waiver. *See* Pl. Reply at 8–9. Therefore, the propriety of this defense is also properly resolved at trial.

   c. Duty to Mitigate

Defendants then claim that they are not responsible for rent from their vacatur in March 2021 to the end of the Lease in June 2021 because Plaintiff failed to mitigate damages by not reletting the Premises. "N.Y. Real Prop. Law § 227-e sets forth a landlord's affirmative duty to mitigate damages, where, as here, a tenant vacates the premises before the end of the lease." *14 E. 4th St. Unit 509 LLC v. Toporek*, 203 A.D.3d 17, 22 (2022). This duty requires landlords to "in good faith and according to the landlord's resources and abilities, take reasonable and customary actions to rent the premises[.]" *Id.* But it does not require the landlord to relet the premises, so long as the landlord acts in good faith and takes reasonable and customary steps to find a new tenant. *Id.* at 24.

Defendants argue that they did not cause substantial damage to the Premises that warranted its repair, and that, even so, Plaintiff did not submit evidence that she retained a contractor or that he failed to make progress on repairs. Defs.' Opp. at 13. That is immaterial and untrue because the source and extent of damages do

11

not render unreasonable or uncustomary necessary repairs that prevent Plaintiff from reletting the Premises. *See Astor 207 Props. Corp. v. Monfried*, 76 Misc. 3d 1210(A), 174 N.Y.S.3d 558, at *6 (N.Y. Sup. Ct. 2022) (holding plaintiff mitigated damages even though it failed to relet unit where "[w]hen plaintiff discovered potential damage to the unit, it withdrew it from the market only to put it back up once the repair work had been completed"). And von Siemens has submitted a declaration detailing the steps she took to relet the apartment—mainly, that she hired a contractor who failed to make progress, had to fire him, and could not find a new contractor before June 2021 given high demand during the pandemic. Von Siemens Decl. ¶¶ 20–25, ECF No. 63-85; *see id.* (citing *Toporek*, 203 A.D.3d at 23–24) (explaining that court in *Toporek* found that "no triable issues precluded summary judgment where landlord submitted an affidavit from a person with knowledge of the steps taken to re-rent the apartment").

Because Plaintiff took reasonable and customary steps in good faith to relet the apartment, no "jury could reasonably find" that Plaintiff shirked her duty to mitigate damages. *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (cleaned up).

    d. <u>Other Affirmative Defenses</u>

Defendants' remaining slew of affirmative defenses have no merit. First, Defendants' argument that Plaintiff failed to state a claim for breach of contract

12

falters because, as explained above, Plaintiff has established that claim. Second, Defendants waived their res judicata, latches, and statute of limitations arguments by not addressing them in their Opposition. *Dunkin' Donuts Franchised Restaurants LLC v. Tim & Tab Donuts, Inc.*, No. 07-CV-3662, 2009 WL 2997382, at *9 (E.D.N.Y. Sept. 15, 2009) (deeming defendants' affirmative defenses waived where "defendants have not made any arguments in opposition to plaintiffs' motion"). And Defendants' unclean hands defense fails because Plaintiff "seeks damages in an action at law." *Aniero Concrete Co.*, 404 F.3d at 607 (explaining that unclean hands defense only blocks equitable remedies). No reasonable jury could find for Defendants on these grounds.

  e. Attorney's fees

Plaintiff also asks the Court to decide if she is entitled to attorney's fees as a matter of law. Pl. Reply at 6–7. Paragraph 19(A)(iv) of the Lease empowers Plaintiff to seek "[a]ny legal fees and disbursements for legal actions . . . because of a default." Lease 5, ECF No. 63-15. To receive fees under this provision, Plaintiff must show that she is a "prevailing party . . . who substantively prevailed with respect to the central relief sought." *490 Owners Corp. v. Israel*, 189 Misc. 3d 34, 35 (App. Term 2001).

Because the Court has ruled in favor of Plaintiff's breach of contract claim, she is a prevailing party. Defendants' argument that "Plaintiff's central relief

13

sought is predicated upon a fraudulent inducement claim," Defs.' Opp. at 14, fails as that issue only impacts damages. *Gotlieb v. Taco Bell Corp.*, 871 F. Supp. 147, 156–57 (E.D.N.Y. 1994) (finding plaintiffs are prevailing party for purposes of lease provision providing for attorney's fees because "[a]lthough the plaintiffs have not proven all of the damages they seek, plaintiffs were granted summary judgment as to liability on each of the causes of action"). Regardless, Defendants are liable for the majority of damages Plaintiff seeks as they owe rent at least from October 2020 to June 2021. *See* Defs.' Resp. Pl.'s SOF at ¶ 65. Thus, Plaintiff is entitled to attorney's fees in an amount to be calculated at an evidentiary hearing, if necessary, once proceedings conclude.

## Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment is GRANTED in part and DENIED in part. Summary judgment is granted to Plaintiff with respect to her breach of contract claim, her entitlement to attorney's fees, and Defendants' affirmative defenses 1, 2, 4 (res judicata only), 5, and 6. Affirmative defenses 3 (waiver) and 4 (estoppel only) remain for trial and will determine whether Plaintiff is entitled to full rent payments from April to July 2020.

**SO ORDERED.**

                                                      /S/ Frederic Block
                                                      FREDERIC BLOCK
                                                      Senior United States District Judge

Brooklyn, New York
December 5, 2024